UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LANCE HAIN,<br><br>                Plaintiff,<br>v.<br>GEICO CASUALTY COMPANY,<br><br>                Defendant. | Case No. 2:18-cv-0098-GMN-PAL<br><br>ORDER<br><br>(Mot Ext Time – ECF No. 16) |

Before the court is defendant Geico Casualty Company's ("Geico") Motion to Extend Deadline to file Joint Pretrial Order (ECF No. 16).

The motion was not timely filed. Pursuant to the court's Discovery Plan and Scheduling Order (ECF No. 12) entered March 2, 2018, discovery closed July 18, 2018, dispositive motions were due August 17, 2018, and the joint pretrial order was due September 14, 2018. On August 30, 2018, after the deadline for filing dispositive motions had expired, the district judge referred this case to the undersigned for a settlement conference. *See* Minute Order in Chambers (ECF No. 14). The court entered its order setting a settlement conference for December 12, 2018 on September 12, 2018. *See* Order (ECF No. 15). On September 14, 2018, plaintiff filed his proposed pretrial order. Defendant filed this motion for an extension of time.

The motion is untimely because it was not filed 21 days before the expiration of the deadline established by the court's discovery plan and scheduling order for filing the joint pretrial order. *See* LR 26-4. The motion is not supported by a showing of good cause for the extension. Rather, the motion states that the lead attorney in this matter, Danielle C. Miller, has been out of the office for two weeks and is expected to return on Monday, September 17, 2018. Because of her unavailability a staff member requested a stipulation to extend the deadline for two weeks from plaintiff's counsel after receiving plaintiff's proposed draft joint pretrial order. *See*

1

Declaration of K. Freeman attached as Exhibit A to the motion. The declaration states that on Monday, September 10, 2018, the law firm received an email from Ms. Fears, a staff member of counsel for plaintiff's office, transmitting a draft of the joint pretrial order who requested that defense counsel review and approve it. The same day, Ms. Freeman emailed Ms. Fears and inquired when the joint pretrial order was due. She was informed that it was due on Friday, September 14, 2018. A request was made to extend the deadline by two weeks. Ms. Fears responded that counsel for plaintiff, Mr. Berg, wanted to get the joint pretrial order on file by the deadline, and that if none of the attorneys in the firm were comfortable with signing the joint pretrial order in Ms. Miller's absence, plaintiff would file plaintiff's proposed pretrial order.

Neither the motion, nor the supporting declaration, indicate why Ms. Miller was out of the office. There is no suggestion that there was an emergency or that she was unavailable 21 days before expiration of the deadline to request an extension. Rather, it appears that the law firm either did not calendar the deadline for filing the joint pretrial order or did not pay attention to the calendar. Neither the law firm nor the assigned attorney made the necessary arrangements to seek an extension prior to Ms. Miller's leave from the office.

Plaintiff understandably was not willing to stipulate to an extension after the deadline for requesting an extension had run and timely filed a proposed pretrial order by the deadline stablished by the court's discovery plan and scheduling order. However, plaintiff's proposed pretrial order was not reviewed by counsel for Geico and defendant's portion of the joint pretrial order was apparently prepared by counsel for the plaintiff. The court will therefore require the parties to submit a joint pretrial order as required by LR 26- 1, but sanction counsel for Geico for failure to comply with the court's discovery plan and scheduling order and LR 26-4. Counsel for Geico's failure to timely request a stipulation from opposing counsel, or in the alternative, seek relief from the court will cause plaintiff's counsel to incur unnecessary time and resources in preparing a joint pretrial order. Accordingly, although the court will grant Geico's request for a two-week extension to file a **joint** pretrial order, the court will sanction Geico in the amount of unnecessary attorney's fees and costs incurred by counsel for plaintiff in preparing the joint pretrial order.

**IT IS ORDERED** that:

1. Defendant Geico's Motion to Extend Deadline to file Joint Pretrial Order (ECF No. 16) is **GRANTED** and the parties shall have until **September 28, 2018** to file a joint pretrial order.

2. Geico is sanctioned for failure to comply with the court's discovery plan and scheduling order deadline and failure to comply with LR 26-4. The court will assess Geico for reasonable attorney's fees incurred by counsel for plaintiff to prepare and refile a **joint** proposed pretrial order.

3. Counsel for the parties shall meet and confer after the joint pretrial order is prepared and filed to attempt to resolve the issue of reasonable costs and attorney's fees to be paid to counsel for plaintiff.

4. If the parties are unable to resolve the matter without the court's intervention counsel for plaintiff shall have until **October 14, 2018** to file a memorandum of points and authorities supporting the request for attorney's fees in accordance with the requirements of LR 54-14.

5. Counsel for defendant shall have until **October 21, 2018** to file a response to the motion for attorney's fees.

DATED this 20th day of September, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE