**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LANCE HAIN,

        Plaintiff,

vs.

GEICO CASUALTY COMPANY,

        Defendant.

Case No.: 2:18-0098-GMN-PAL

**ORDER**

Pending before the Court is Defendant Geico Casualty Company's ("Defendant's") Objection to the Honorable Magistrate Judge Peggy A. Leen's ("Judge Leen's") Order, (ECF No. 21). Plaintiff Lance Hain ("Plaintiff") did not file a response.

Also pending before the Court is the parties' Proposed Joint Pretrial Order, (ECF No. 20). For the reasons discussed below, Defendant's Objection is **OVERRULED**, and the Proposed Joint Pretrial Order is **REJECTED** as insufficient.

**I.     BACKGROUND**

This case concerns a breach of contract claim arising from the alleged wrongful denial of underinsured motorist benefits by Plaintiff's auto insurance carrier. (Compl. ¶¶ 4–14, ECF. No. 1-1). Pursuant to the Court's Scheduling Order entered March 2, 2018, the parties' proposed joint pretrial order was due September 14, 2018. (Scheduling Order 2:14–18, ECF No. 12). On September 14, 2018, Defendant filed its Motion to Extend Time to file a proposed joint pretrial order, (ECF No. 16), explaining that defense counsel, Danielle Miller ("Ms. Miller"), had been out of town for two weeks and was scheduled to return September 17, 2018. (Freeman Decl. ¶ 8, ECF No. 16-1). According to the Motion, Ms. Miller's assistant had requested that the parties enter into a stipulation

to extend the deadline by two weeks, but Plaintiff's counsel, Marcus Berg ("Mr. Berg"), had refused. (Mot. to Extend 2:2–4, ECF No. 16).

On the same date, Plaintiff filed his Proposed Pretrial Order stating that Mr. Berg and Ms. Miller had exchanged several emails regarding drafting a proposed joint pretrial order and that a draft had been emailed to Ms. Miller on September 10, 2018, for her review and approval. (Proposed Pretrial Order 1:19–23, ECF No. 17). Plaintiff's proposed order further states that on September 13, 2018, Mr. Berg contacted defense counsel to follow up on the proposed order and was informed that Ms. Miller was out of the country. (*Id.* 1:22–27). Thus, Mr. Berg submitted the Proposed Pretrial Order, in an effort to adhere to the September 14, 2018 deadline. (*Id.* 1:26–28).

On September 19, 2018, the Court entered an order granting Defendant's Motion to Extend Time and set September 28, 2018, as the deadline for the parties to file a proposed joint pretrial order. (Minute Order, ECF No. 16). The Court also struck Plaintiff's Proposed Pretrial Order, as it did not comport with the spirit and intent of District of Nevada Local Rule 16-3(b). (*Id.*).

The following day, Judge Leen entered an Order, (ECF No. 19), sanctioning Defendant "for failure to comply with the court's discovery plan and scheduling order deadline and failure to comply with [Local Rule] 26-4." (Order 3:5–8). Judge Leen found that Defendant's Motion to Extend Time was untimely and not supported by a showing of good cause. (*Id.* 1:22–24). Consequently, Judge Leen sanctioned Defendant "in the amount of unnecessary attorney's fees and costs incurred by counsel for [P]laintiff in preparing the joint pretrial order." (*Id.* 2:26–28). The parties filed a Proposed Joint Pretrial Order, (ECF No. 20), on September 27, 2018.

Then, on October 1, 2018, Defendant filed the instant Objection to Magistrate Judge's Order, (ECF No. 21). Defendant objects to Judge Leen's imposition of sanctions

and argues that "[a]ny delay in filing the Joint Pre-Trial Order was due to Plaintiff's counsel's dilatory conduct." (Obj. 1:25–26).

## II. <u>LEGAL STANDARD</u>

When reviewing the order of a magistrate judge, the order should only be set aside if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3–1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, No. 2:14–cv–00224–RCJ, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The district judge "may not simply substitute [his or her] judgment" for that of the magistrate judge. *Grimes v. City and Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

## III. <u>DISCUSSION</u>

### A. Defendant's Objection to Judge Leen's Order

Defendant argues that the Court should reverse the underlying Order issuing sanctions because Defendant "was diligent in attempting to timely file the Joint Pre-Trial Order and only filed its Motion to Extend the Deadline after Plaintiff failed to provide a timely draft despite agreeing to do so, and after Plaintiff was unwilling to stipulate to

extending the deadline to file the Joint Pre-Trial Order."[1] (Obj. 7:3–6, ECF No. 21). To support its argument, Defendant cites several email communications demonstrating that Ms. Miller contacted Mr. Berg weeks prior to her scheduled trip, requesting a draft of the proposed order before her September 1, 2018 departure. (*Id.* 2:6–3:24). Ms. Miller was unable to obtain a draft from Mr. Berg, left on vacation as scheduled, and did not file a request for extension until the date the joint proposed pretrial order was due.

The Court notes that Defendant's Motion to Extend Time did not include the email communications between Ms. Miller and Mr. Berg, and thus, Defendant did not give Judge Leen an opportunity to consider that information. This, however, does not indicate that Judge Leen's Order was erroneous. Rather, it suggests that the Motion to Extend Time was deficient.

Moreover, Ms. Miller could have complied with the Scheduling Order and avoided sanctions by timely requesting a stipulation from opposing counsel or by filing a motion to extend time before her departure. Ms. Miller asserts that because she is "the only individual at her firm that has handled this matter in its entirety," the other attorneys at her firm, being unfamiliar with the case, were not comfortable signing a proposed joint pretrial order. (Obj. 4:4–8). However, Ms. Miller does not assert that it was not possible for her to have made adequate arrangements before she took leave on September 1, 2018.

In light of the foregoing, the Court finds that Defendant has not met its burden to prove that Judge Leen erred in sanctioning Defendant. Overruling Judge Leen's order would be inappropriate because Defendant has provided no evidence that a mistake was made, or that Judge Leen abused her discretion. *Columbia Pictures, Inc.*, 245 F.R.D. at

---

[1] Defendant does not specify whether it maintains that Judge Leen's ruling is clearly erroneous, contrary to law, or both. Given that Defendant's Objection does not contain arguments based on any specific law, local rule, or case law, Defendant has presented insufficient evidence to suggest that Judge Leen's determination is contrary to law. Thus, the Courts discussion will focus on whether Judge Leen's Order is clearly erroneous.

446. The district judge "may not simply substitute [his or her] judgment" for that of the magistrate judge. *Grimes*, 951 F.2d at 241. Furthermore, it is not the function of the district judge on review to second guess a magistrate judge's discretionary decisions. *See id*. Accordingly, Defendant's Objection is **OVERRULED**.

### B. Proposed Joint Pretrial Order

In section VI of the Proposed Joint Pretrial Order, the parties provide a list of exhibits that are "stipulated into evidence," but later state that every document and exhibit is inadmissible "based upon hearsay, lack of foundation, relevance, or, in the alternative, pursuant to Federal Rules of Evidence Rule 403." (Proposed Joint Pretrial Order at 9). Additionally, the parties fail to identify specific persons as witnesses and instead name "any and all" custodians. (*Id.* at 20). Based on the foregoing, the Court rejects the Proposed Joint Pretrial Order as insufficient. The parties shall meet and confer and file a new proposed joint pretrial order in accordance with LR 16-3 and LR 16-4 by no later than November 13, 2018.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Objection to Judge Leen's Order, (ECF No. 21), is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Proposed Joint Pretrial Order, (ECF No. 20), is **REJECTED** as insufficient.

///

///

///

**IT IS FURTHER ORDERED** that the parties shall meet and confer and file a new proposed joint pretrial order in accordance with LR 16-3 and LR 16-4 by no later than November 13, 2018.

**DATED** this __30__ day of October, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Court